UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOUIS ABRAMS,

        Plaintiff,        CASE NO.:

vs.

YOUNG CONTRACTING/SE,
INC., A GEORGIA
CORPORATION, AND GARY
YOUNG, INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOUIS ABRAMS, by and through the undersigned attorney, sues the Defendants, YOUNG CONTRACTING/SE, INC., a Georgia Corporation, and GARY YOUNG, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was classified as an exempt superintendent for Defendants' construction business operating out of Atlanta, Georgia.

3. Plaintiff worked for Defendants from approximately August 20, 2013 to early February 2014.

4. Defendant, YOUNG CONTRACTING/SE, INC., is a Georgia Corporation that operates and conducts business in Atlanta, Georgia and is therefore within the jurisdiction of this Court.

5. At all times relevant to this action, GARY YOUNG was an individual resident of the State of Georgia, who owned and operated YOUNG CONTRACTING/SE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of YOUNG CONTRACTING/SE, INC.  By virtue of having regularly exercised that authority on behalf of YOUNG CONTRACTING/SE, INC., GARY YOUNG is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from

Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, YOUNG CONTRACTING/SE, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, YOUNG CONTRACTING/SE, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were construction equipment and supplies, office supplies and equipment, and vehicles and other goods and materials which originated from outside the state of Georgia.

11. As a result, Defendant, YOUNG CONTRACTING/SE, INC., is

an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants violated the FLSA by misclassifying Plaintiff as exempt and failing to pay him overtime compensation.

13. During his employment with Defendants, Plaintiff was classified as exempt and paid zero overtime compensation for overtime hours worked.

14. Plaintiff routinely worked overtime hours for Defendants.

15. Plaintiff's job duties were those of a non-exempt employee, as Plaintiff did not supervise employees, Plaintiff did not hire/fire employees, Plaintiff was not an administrative employee, nor did Plaintiff make significant decisions on behalf of the company.

16. As such, Plaintiff should have been paid for his overtime hours worked.

17. Defendants did not have a good faith basis for its decision to

classify Plaintiff as exempt.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

21. During his employment with Defendants, Plaintiff was misclassified as exempt and not paid any overtime compensation for the overtime hours he worked for Defendants.

22. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LOUIS ABRAMS, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 14th day of May, 2014.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff